Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
ANGEL GONZALEZ, on behalf of himself, and all others similarly situated,

                               Plaintiffs,

   -against-

YLLI CORP. d/b/a/ FLACO'S PIZZA, and VESELJ HASANKJEKAJ, and DRITON IMERAJ, as individuals,

                              Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **ANGEL GONZALEZ, on behalf of himself, and all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, **ANGEL GONZALEZ, on behalf of himself, and all others similarly situated**, through undersigned counsel, brings this action against **YLLI CORP. d/b/a/ FLACO'S PIZZA** ("FLACO's PIZZA") and **VESELJ HASANKJEKAJ,** and **DRITON IMERAJ, as individuals**, (collectively, hereinafter, the "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at YLLI CORP. d/b/a/ FLACO'S PIZZA located at 3876 Broadway, New York, New York 10032.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

1

$100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff ANGEL GONZALEZ was employed by the Defendants to perform work for the Defendants as a cook, waiter and delivery driver, and to perform other miscellaneous tasks for the Defendants, at Defendant FLACO'S PIZZA, located at 3876 Broadway, New York New York 10032.

8. Plaintiff ANGEL GONZALEZ performed such work for Defendants from in or around July 2000 until Defendants' ultimate wrongful termination of Plaintiff in or around January 2020.

9. Upon information and belief, Defendant YLLI CORP. d/b/a/ FLACO'S PIZZA, is a domestic business corporation organized under, and existing by virtue of the laws of New York, with a principal executive office located at 3876 Broadway, New York, New York 10032.

10. Upon information and belief, Defendant YLLI CORP. d/b/a/ FLACO'S PIZZA, is a corporation duly authorized to conduct and transact business under the laws of the State of New York.

11. Defendant VESELJ owns FLACO'S PIZZA.

12. Defendant VESELJ operates FLACO'S PIZZA.

13. Defendant VESELJ manages FLACO'S PIZZA.

14. Defendant VESELJ is the Chief Executive Officer of FLACO'S PIZZA.

15. Defendant VESELJ is an agent of FLACO'S PIZZA.

16. Defendant VESELJ has power over personnel decisions at FLACO'S PIZZA.

17. Defendant VESELJ has power over payroll decisions at FLACO'S PIZZA.

18. Defendant VESELJ has the power to hire and fire employees at FLACO'S PIZZA establish and pay their wages, set their work schedule, and maintains their employment records.

19. Defendant VESELJ was Plaintiff's direct supervisor and oversaw Plaintiff's work.

20. During all relevant times herein, Defendant VESELJ was Plaintiff's employer within the meaning of the FLSA and NYLL.

21. Defendant DRITON IMERAJ ("TONY") is known as, and is commonly referred to, by the name "Tony," and is the brother-in-law of the Defendant VESELJ.

22. Defendant TONY operates FLACO'S PIZZA.

23. Defendant TONY manages FLACO'S PIZZA.

24. Defendant TONY is an agent of FLACO'S PIZZA.

25. Defendant TONY has power and authority over personnel decisions ultimately primarily by Defendant VESELJ at FLACO'S PIZZA.

26. Defendant TONY has power and authority over payroll decisions ultimately primarily made by Defendant VESELJ at FLACO'S PIZZA.

27. Upon information and belief, Defendant TONY has power over the hiring and firing of employees at FLACO'S PIZZA, establishing and paying their wages, establishing their work schedules, and maintaining the employment records.

28. Defendant TONY was Plaintiff's direct supervisor and oversaw the Plaintiff's work.

29. During all relevant times herein, Defendant TONY was the Plaintiff's employer within the meaning of the FLSA and NYLL.

30. On information and belief, FLACO'S PIZZA, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

31. Plaintiff ANGEL GONZALEZ was employed from in or around July 2000 until in or around January 2020 by Defendants at FLACO'S PIZZA.

32. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint is being filed on December 28, 2020. As such, the relevant statutory period encompasses the period of December 28, 2014, through December 28, 2020 ("relevant statutory period.").

33. During Plaintiff ANGEL GONZALEZ' employment by Defendants, Plaintiff's primary duties were to serve as a cook, waiter, and delivery driver, and to perform other miscellaneous tasks for the Defendants at Defendant FLACO'S PIZZA from in or around July 2000 until in or around January 2020.

34. During the relevant statutory period, Plaintiff ANGEL GONZALEZ was paid by the Defendants:

    i. in 2014, approximately $600.00 per week;
    ii. in 2015, approximately $650.00 per week;
    iii. in 2016, approximately $670.00 per week;
    iv. in 2017, approximately $700.00 per week;
    v. in 2018, approximately $800.00 per week;
    vi. in 2019, approximately $850.00 per week; and
    vii. in January 2020, no payment to Plaintiff at all.

35. From in or around January 2014 until in or around November 2018, Plaintiff worked approximately half the time, sixty (60) hours or more per week, and approximately half the time, seventy (70) hours or more per week, for the Defendants.

36. From in or around November 2018 until in or around January 2020, Plaintiff worked approximately sixty-three (63) hours or more per week for the Defendants.

37. Although from in or around January 2014 until in or around November 2018, Plaintiff ANGEL GONZALEZ worked, approximately half the time sixty (60) hours or more per week, and approximately half the time seventy (70) hours or more per week for the Defendants, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for hours Plaintiff worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL

38. Although from in or around November 2018 until in or around January 2020, Plaintiff worked approximately sixty-three (63) hours or more hours per week for the Defendants, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for hours Plaintiff worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL

39. Moreover, Defendants failed to pay Plaintiff ANGEL GONZALEZ the legally prescribed minimum wage for his hours worked, a blatant violation of the minimum wage provisions contained within the FLSA and NYLL.

40. Furthermore, although Plaintiff ANGEL GONZALEZ worked for Defendants ten (10) hours or more per day, six (6) or seven (7) day per week during the relevant statutory period, the Defendants did not pay Plaintiff ANGEL GONZALEZ an extra hour of pay at the legally prescribed minimum wage, for each day Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

41. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

42. Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

43. Defendants failed to provide Plaintiff with a written notice annually and/or upon Plaintiff's hire, in English or in Spanish (Plaintiff's primary language), of Plaintiff's rate of pay, regular pay day, and such other information as required under the NYLL

44. Defendants failed to provide Plaintiff with wage statements, in English or in Spanish (Plaintiff's primary language), upon each payment of wages to Plaintiff, as required under the NYLL

45. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

47. Collective Class: All persons who are or have been employed by the Defendants to perform work for the Defendants as a cook, waiter or delivery driver, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation and proper minimum wage compensation.

48. Upon information and belief, Defendants employed between 10-15 other employees subject to similar payment structures.

49. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty (40) hours per week without appropriate overtime compensation, or proper minimum wage compensation.

50. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than ten (10) hour shifts per day without spread of hours compensation.

51. Defendants' unlawful conduct has been widespread, repeated, and consistent.

52. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class were performed work for Defendants requiring overtime pay and proper minimum wage compensation.

53. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff, and the Collective Class.

54. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

55. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

56. The claims of Plaintiff are typical of the claims of the putative class.

57. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

58. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### (Overtime Wages Under The Fair Labor Standards Act)

59. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

60. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

61. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

62. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of

29 U.S.C. §§206(a) and 207(a).

63. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

64. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

65. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### (Overtime Wages Under New York Labor Law)

66. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

67. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

68. Defendants failed to pay the Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 146-1.4.

69. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### (Spread of Hours Compensation Under New York Labor Law)

70. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

71. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day Plaintiff worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 146-1.6.

72. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

### FOURTH CAUSE OF ACTION
### (Violation of the Notice and Recordkeeping Requirements of New York Labor Law)

73. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

74. Defendants failed to provide Plaintiff with a written notice, in English or in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

75. Defendants are liable to Plaintiff in the amount of $5,000.00 (per Plaintiff), together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### (Violation of the Wage Statement Requirements of the New York Labor Law)

76. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

77. Defendants failed to provide Plaintiff with a wage statement, in English or in Spanish (Plaintiffs' primary language), upon each payment of wages, as required by NYLL §195(3).

78. Defendants are liable to Plaintiff in the amount of $5,000.00 (per Plaintiff), together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid spread of hour wages;

d. Awarding Plaintiff liquidated damages on all counts pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 28th day of December 2020.

Roman Avshalumov, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL GONZALEZ, on behalf of himself, and all others similarly situated,

>                       Plaintiff(s),

>         -against-

YLLI CORP. d/b/a/ FLACO'S PIZZA, and VESELJ HASANKJEKAJ, and DRITON IMERAJ, as individuals,

>                       Defendants

## COLLECTIVE ACTION COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**YLLI CORP. d/b/a/ FLACO'S PIZZA**
**3876 BROADWAY**
**NEW YORK, NEW YORK 10032**

**VESELJ HASANKJEKAJ**
**3876 BROADWAY**
**NEW YORK, NEW YORK 10032**

**300 FORT WASHINGTON AVENUE**
**APT # 2C**
**NEW YORK, NEW YORK 10032**

**DRITON IMERAJ**
**3876 BROADWAY**
**NEW YORK, NEW YORK 10032**