## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **ANGEL GONZALEZ** (hereinafter referred to as "Plaintiff") and **YLLI CORP. d/b/a/ FLACO'S PIZZA, and VESELJ HASANKJEKAJ, and DRITON IMERAJ, as individuals,** hereinafter collectively referred to as "Defendants"), regarding Plaintiff's employment and the settlement of any and all wage-and-hour related claims Plaintiff has or may have against Defendants.

**WHEREAS**, Plaintiff commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: **20-CV-10966** alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS**, Defendants deny that they failed to pay Plaintiff all wages owed to him;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiff;

**WHEREAS**, Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. Defendants shall cause Plaintiff to be paid the gross sum of Sixty Thousand Dollars and Zero Cents ($60,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

   i. One check in the amount of Fourteen Thousand, Seven Hundred Eighty-One Dollars and Zero Cents ($14,781.00), less applicable payroll taxes, payable to Angel Gonzalez

   ii. One check in the amount of Twenty Four Thousand, Seven Hundred Eighty-One Dollars and Zero Cents ($24,781.00) payable to Angel Gonzalez

   iii. One check in the amount of Twenty Thousand Four Hundred Thirty-Eight Dollars and Zero Cents ($20,438.00) payable to Helen F. Dalton & Associates, P.C.

b. At the time of execution of this Agreement, Angel Gonzalez shall provide Defendants' counsel with a completed IRS Form W-4 in order for Defendants to issue the Settlement Funds

c. At the time of execution of this Agreement, Helen F. Dalton & Associates, P.C. shall provide Defendants' counsel with a completed IRS Form W-9 in order for Defendants to issue the Settlement Funds.

d. Defendants and Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment of payments and Plaintiff acknowledges that he has received no representations from Defendants' Counsel regarding taxation or tax advice. Plaintiff agrees to indemnify and hold harmless Defendants from any and all tax-related liability from the settlement payments.

e. Within 30 days of receipt of the W-4 and W-9 Forms, the three checks shall be mailed to Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415

## 2. Stipulation of Dismissal

Plaintiff shall file a Stipulation and Order of Dismissal With Prejudice ("Stipulation of Dismissal") within three (3) days of receipt of the full Settlement Funds identified in Paragraph 1.

## 3. Settlement of Claims

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (SDNY **Docket No.: 20-CV-10966**) by Plaintiff against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiff has established that any such claims have any merit or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

## 4. Non-Admission

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

## 5. Representations

Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

## 6. Release

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiff, for himself and his heirs, executors, administrators and his respective

successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE YLLI CORP. d/b/a/ FLACO'S PIZZA, and VESELJ HASANKJEKAJ, and DRITON IMERAJ** to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, and agents, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in this action, specifically under the Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (b) arising under or for alleged violations of the Fair Labor Standards Act and/or the New York Labor Law, (c) arising under any common law in regard to work hours, overtime, and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby which Plaintiff ever had or now has against the Defendants.

### 7. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8. Jurisdiction

The parties respectfully request that this Court, the United States District Court for the Southern District of New York, retains jurisdiction to enforce the terms of this settlement until payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

### 9. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiff's employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 10. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

11.  **Effective Date**

This Agreement and Release shall become effective immediately upon execution.

12.  **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFF:**

_____
ANGEL GONZALEZ

Date: 2/10/22

**DEFENDANTS:**

YLLI CORP.

_____
VESELJ HASANKJEKAJ, Agent Authorized to sign on behalf of YLLI CORP.

Date: 2/22/2022

_____
VESELJ HASANKJEKAJ, as an individual

Date: ~~20~~ 2/22/2022

_____
DRITON IMERAJ, as an individual

Date: 2/22/2022