

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

February 22, 2022

**Via ECF**
The Honorable District Judge Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Gonzalez v. Ylli Corp., et al.**
   **20-CV-10966 (ALC)**

Dear Judge Carter:

Our office represents Angel Gonzalez ("Plaintiff" or "Gonzalez") and we submit this motion jointly with counsel for Ylli Corp. d/b/a/ Flaco's Pizza, and Veselj Hasankjekaj and Driton Imeraj (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following two mediations through the SDNY Mediation Program and before a Court-appointed mediator.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I.     The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

a.  **The Settlement Amount**

The parties agreed to resolve this matter for the total amount of $60,000.00 inclusive of wages, penalties and attorneys' fees.

b.  **Plaintiff's Position**

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that he was not paid proper overtime compensation when he worked in excess of forty (40) hours per

week. Plaintiff's claims arise out of his employment by the Defendants at Flaco's Pizza located at 3876 Broadway, New York New York 10032. The Complaint also alleges that the individual Defendants were Plaintiff's employer within the meaning of the FLSA and NYLL.

Plaintiff was employed at Flaco's Pizza from in or around July 2000 until in or around January 2020, as a cook, waiter, and delivery driver, while performing other related miscellaneous duties for the Defendants at Flaco's Pizza. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. The Complaint was filed on December 28, 2020. As such, the relevant statutory period encompasses the period of December 28, 2014, through December 28, 2020 (the "relevant statutory period.").

Plaintiff was employed for approximately five years within the relevant statutory period. During this period, Plaintiff alleged that he regularly worked sixty (60) to seventy (70) hours per week. Plaintiff further alleged that despite regularly working in excess of forty (40) hours per week, he received a flat weekly salary that did not properly compensate him for twenty (20) to thirty (30) hours of overtime per week. Plaintiff alleged that he received a flat weekly salary in cash ranging from $600.00 to $850.00 per week during the relevant statutory period.

In total, Plaintiff alleged approximately $150,000.00 in unpaid wages in addition to statutory penalties for wage notice and wage statement violations under NYLL §195. This figure, however, assumed that Plaintiff would be 100% successful in establishing all of his claims as to the dates of his employment, the hours worked each and every week of the relevant statutory period and proving that he did not receive any overtime compensation at all during this period.

Although Plaintiff believed that he could recover on all his above claims, Plaintiff preferred a guaranteed payment through a Court-approved settlement. Plaintiff understood the risks of continued litigation and recognized the factual disputes as to the dates of his employment, the number of hours worked each week and the rate of pay that he received and Defendants' potential witness testimony.  The fact that these disputes may not have been resolved until a trial at a much later date favored Plaintiff's decision to settle early in the litigation process. Furthermore, Plaintiff considered the economic realities of Defendants' business and the possibility of obtaining a judgment on which he would not be able to collect at a much later time in the future absent the instant agreement.

### c. Defendants' Position

Defendant Hasankjekaj owns, through Defendant YLLI Corp., a 300-square-foot takeout-only pizza store in upper Manhattan called Flaco's Pizza. Defendant Hasankjekaj employs his brother-in-law, Defendant Imeraj, who is not an owner. Defendant Imeraj, Plaintiff, and one other person were the only employees.

Plaintiff worked at Flaco's Pizza from July 2000 through January 2020. Defendants' position is that Plaintiff worked from 12:00 p.m. to 6:00 p.m., Tuesdays through Sundays. Defendant Hasankjekaj was always present when Plaintiff began and ended his shifts, as Defendant Hasankjekaj worked every day from 12:00 p.m. to 3:00 p.m. and from 6:00 p.m. to

11:00 p.m. Defendants' position is that Plaintiff never worked more than forty hours in any given workweek.

Although Defendants believe that the Court would have taken Defendants' testimony strongly in their favor, Defendants prefer a guaranteed outcome through a Court-approved settlement. Defendants understand the risks of continued litigation and recognize the factual disputes as to the dates of Plaintiff's employment, the number of hours worked each week and the rate of pay that he received, and Plaintiff's potential witness testimony. Defendants also understand the risks of proceeding to trial without all the necessary documentation to support their testimony.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $60,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted by the parties as well as the economic realities of the Defendants' business. Moreover, the settlement was only reached following multiple mediations before a Court-appointed mediator. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiff and the dates of Plaintiff's employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

### II.     **The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement ("Release") is appropriately-limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to the Plaintiff and Requested Attorneys' Fees and Expenses

#### a. Distribution to the Plaintiff

The parties agreed to a global settlement of $60,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff will recover $39,562.00, after requested attorneys' fees and reimbursement of expenses, in the amount of $20,438.00.

#### b. Plaintiff's Counsel's Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests 658.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on Defendants in this matter: $256.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($59,342.00), or $19,780.00 in attorneys' fees, as agreed upon in the Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $20,438.00.

The settlement funds broken down into their component parts is as follows:

**Settlement Amount:** $60,000.00
**Attorneys' Expenses:** $658.00
**Settlement less Expenses:** $59,342.00 ($60,000.00 - $658.00)
**Requested Attorneys' Fees:** $19,780.00 ($59,342.00 / 3)
**Total payable to Attorneys:** $20,438.00 ($19,780.00 + $658.00)
**Total payable to Plaintiff:** $39,562.00 ($60,000.00 - $20,438.00)

Our office and the Plaintiff have a retainer agreement that is reduced to writing and is signed by the Plaintiff. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims

stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel and the recovery secured through their efforts. Plaintiff's counsel has advocated for their client throughout the negotiation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

**IV.   Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of good faith negotiations. Both parties were represented by experienced and competent counsel who specialize in this area of law and the early settlement allows both sides to avoid the anticipated costs and burdens of protracted litigation. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.